IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN L. HART, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-1609-D |
| VS. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the foreclosure of the homestead of two plaintiffs, defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion as to two plaintiffs based on limitations, grants the motion as to the third plaintiff based on standing, and, alternatively, raises *sua sponte* that the third plaintiff has failed to state a claim on which relief can be granted, and allows plaintiffs to replead.

I

This is a suit by plaintiffs Steven Hart and Tamara Hart (collectively, "the Harts") and Bormio Investments, Inc. ("Bormio") against defendant Bank of America, N.A. ("Bank of America"). The Harts obtained a loan in 2004 from Bank of America when they refinanced their real property (the "Property") located in Irving, Texas.[1] In September 2004 the Harts

---

[1]In deciding defendant's Rule 12(b)(6) motion, the court construes plaintiffs' state court petition in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney*

closed on the Property and executed a promissory note and deed of trust in favor of Bank of America. In December 2012 Bank of America filed an application for an order of foreclosure. Bormio purchased the Property and is the current owner.

In their state court petition, plaintiffs allege that the amount of the promissory note exceeded 80% of the fair market value of the Property, that "plaintiff" tendered written notice of this allegation to Bank of America on May 29, 2013, in accordance with Tex. Const. Ann. art. XVI, § 50(a)(6)(Q)(x), and that Bank of America has not responded. Plaintiffs assert three claims against Bank of America. Counts 1 and 2 allege violations of Tex. Const. Ann. art. XVI, §§ 50(a) and 50(a)(6)(Q)(x), respectively. In an unnumbered count, plaintiffs seek a declaratory judgment under Texas law that the deed of trust and lien claimed on the Property are not valid under Tex. Const. Ann. art. XVI, § 50(c) because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50. Bank of America removed this case and now moves to dismiss under Rule 12(b)(6), contending that plaintiffs' claims are barred by the applicable statute of limitations and that Bormio lacks standing to assert a claim against Bank of America. Plaintiffs oppose the motion.

II

"'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'"

---

*Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

*Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Indus. Emp. Benefit Plan*, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.). Furthermore, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [it]self out of court." *W. Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C.J.) (quoting *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)) (alteration in original).

III

Plaintiffs' constitutional claims (Counts 1 and 2) rest on the premise that Bank of America violated the Texas Constitution because the loan amount on the Property—the Harts' former homestead—exceeded 80% of the fair market value of the Property.[2] Bank of America moves to dismiss these claims on the ground that they are barred by the Texas

---

[2]Under Texas law, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by" § 50 of Article XVI to the Texas Constitution. Tex. Const. Ann. art. XVI, § 50(c). Section 50(a)(6) contains numerous requirements to which a home equity loan must adhere. Section 50(a)(6)(B) prohibits loans that, when added to the principal balances of all other liens against the home, exceed 80% of the home's fair market value.

residual four-year statute of limitations.

As noted above, for Bank of America to be entitled to dismissal at the Rule 12(b)(6) stage based on the affirmative defense of limitations, plaintiffs must normally plead themselves out of court. The court holds that they have as to the Harts. In the state court petition, plaintiffs allege that, on or about September 20, 2004, the Harts refinanced the Property, closed on the Property, and executed the promissory note and deed of trust at issue. Plaintiffs filed this lawsuit on March 27, 2014.

In *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), the Fifth Circuit held that suits that seek to invalidate homestead liens that contravene the state constitution are governed by the Texas residual four-year limitations period. *Id.* at 673-74.[3] The panel concluded that this limitations period applies to constitutional infirmities under § 50(a)(6), and that claims alleging violations of this constitutional provision accrue at the time the unconstitutional loan is made. *Id.* at 674, 675. Making what is now a common argument, plaintiffs maintain that *Priester* was wrongly decided and that it fails to take into account the Supreme Court of Texas's recent decision in *Finance Commission of Texas v. Norwood*, 418 S.W.3d 566 (Tex. 2013). But the Fifth Circuit continues to follow *Priester*, and it is binding on this court. *See, e.g., Sigaran v. U.S. Bank Nat'l Ass'n*, ___ Fed. Appx. ____, 2014 WL 1688345, at *4 (5th Cir. Apr. 30, 2014) (per curiam).

---

[3]Under Texas law, a four-year limitations period applies in "[e]very action for which there is no express limitations period, except an action for the recovery of real property." Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008).

Based on *Priester*, the court holds that the constitutional claims brought by the Harts are subject to a four-year statute of limitations that commenced on September 20, 2004, the date they refinanced their homestead. The limitations period expired on September 20, 2008. The Harts' constitutional claims, asserted in this lawsuit that was filed on March 27, 2014, are barred under the statute of limitations. *See Priester*, 708 F.3d at 674-75; *see also, e.g., Cooley v. Deutsche Nat'l Trust Co.*, 2014 WL 2475895, at *2 (N.D. Tex. June 3, 2014) (Fitzwater, C.J.) (applying *Priester* to plaintiffs' § 50(a) claims and holding that suit was barred by four-year residual limitations period). Accordingly, Counts 1 and 2 are dismissed with prejudice as time-barred as to the Harts.

IV

Bank of America also moves to dismiss the declaratory judgment claim. Plaintiffs seek a judgment under Texas law declaring that the promissory note and deed of trust are invalid because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50. Applying the federal Declaratory Judgment Act,[4] the court concludes that plaintiffs have failed to state a plausible claim as to the Harts because Bank of America is entitled to dismissal of the predicate for their request for declaratory judgment. *See Cooley*, 2014 WL 2475895, at *2 (dismissing plaintiffs' declaratory judgment claim where both predicates for

---

[4] "When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

plaintiffs' request for declaratory judgment were subject to dismissal). The court therefore dismisses this claim with prejudice.

V

Bank of America also moves to dismiss plaintiffs' claims against Bormio, contending that Bormio does not have standing to assert any claim against Bank of America because it was not a party to the loan and has no interest in the loan to protect. Plaintiffs do not address this argument in their response.

A

Standing consists of two strands: constitutional standing and prudential standing. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ___ U.S. ___, 134 S. Ct. 1377 (2014); *see also Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). Constitutional standing is an "irreducible constitutional minimum" under Article III's case-or-controversy requirement, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and it requires an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling," *Clapper v. Amnesty Int'l USA*, ___ U.S. ___, 133 S. Ct. 1138, 1147 (2013) (citation omitted). "[T]he injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.

Prudential standing, by contrast, does not emanate from the Constitution, and it instead "embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'" *Cibolo Waste*, 718 F.3d at 474 (quoting *Elk Grove*, 542 U.S. at 11). The doctrine asks

> whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*Ass'n of Cmty. Orgs. for Reform Now v. Fowler*, 178 F.3d 350, 363 (5th Cir. 1999).

B

Bank of America does not specify whether its standing argument is based on constitutional standing or prudential standing. A challenge to a plaintiff's constitutional standing should be raised by motion under Rule 12(b)(1). *Cf. Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)."). Nevertheless, the court's independent obligation to determine whether it has jurisdiction requires it to examine the issue of constitutional standing before turning to its prudential aspects. *See id.*; *see also Hoyt v. City of El Paso, Tex.*, 878 F.Supp.2d 721, 726 n.5 (W.D. Tex. 2012) (construing defendants' constitutional-standing argument raised in motion under Rule 12(b)(6) as motion to dismiss under Rule 12(b)(1)). Accordingly, the court analyzes Bank of America's challenge to Bormio's standing under the Rule 12(b)(1) standard.

C

As the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of establishing standing. *Lujan*, 504 U.S. at 561. Because Bank of America's motion to

dismiss is not supported by evidence, the court must decide the jurisdictional question based on the state court petition alone, and must presume that the allegations of the petition are true. *See, e.g., Sullo & Bobbit, PLLC v. Abbott*, 2012 WL 2796794, at *4 (N.D. Tex. July 10, 2012) (Fitzwater, C.J.), *aff'd*, 536 Fed. Appx. 473 (5th Cir. 2013). The court cannot dismiss the petition if the allegations are sufficient to allege jurisdiction. *See id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). General factual allegations of injury resulting from Bank of America's conduct suffice to establish standing at the pleading stage because the court presumes that the allegations embrace facts supporting these allegations. *See, e.g., id.* (citing *Bennett v. Spear*, 520 U.S. 154, 168 (1997)).

D

The court holds that plaintiffs have failed to establish that Bormio has standing. The only explicit allegation about Bormio that plaintiffs make in their state court petition is that Bormio "has purchased the property and is the current owner." Pet. ¶ 13. Otherwise, Bormio appears to be included in the collective references to "plaintiffs" that are found in the petition. None of these allegations pleads any factual content about an injury suffered by Bormio. The claims on which plaintiffs seek relief (two Texas Constitution-based claims and a declaratory judgment claim) all relate to whether the loan the Harts secured in 2004 from Bank of America conformed to the requirements of the Texas Constitution. There are no allegations that Bormio similarly sought or obtained a loan of any kind from Bank of America. Nor are there any allegations that Bormio suffered a distinct injury caused by Bank of America's conduct. Plaintiffs have failed to plead even a general factual allegation that

Bormio incurred any injury resulting from Bank of America's conduct. Accordingly, the court dismisses without prejudice for lack of constitutional standing any claim brought by Bormio.[5]

## VI

Alternatively, the court raises *sua sponte* that plaintiffs have failed to state a claim as to Bormio on which relief can be granted, and that Bank of America is entitled to dismissal of any such claim under the Rule 12(b)(6) standard.

### A

A district court has the authority to consider the sufficiency of a petition and dismiss an action *sua sponte*, as long as the procedure it employs is fair. *See, e.g.*, *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting leave to replead). Here, because the court is granting plaintiffs leave to replead, it can raise Rule 12(b)(6) dismissal *sua sponte*.

___

[5]A dismissal for lack of subject matter jurisdiction based on the plaintiff's lack of standing is a dismissal *without* prejudice. *See, e.g., Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. Appx. 620, 621 (5th Cir. 2004) (per curiam) ("The district court did not specify the ground on which it based its decision, or whether the dismissal was with prejudice. Dismissal for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), is without prejudice; dismissal for failure to state a claim, pursuant to Rule 12(b)(6), is with prejudice.").

B

To decide whether plaintiffs' petition states a claim on behalf of Bormio on which relief can be granted, "the court evaluates the sufficiency of [the petition] by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

C

As explained above, the petition's only explicit allegation about Bormio is that Bormio "has purchased the property and is the current owner." Pet. ¶ 13. But the claims on which plaintiffs seek relief (two Texas Constitution-based claims and a declaratory judgment claim) all relate to whether the loan the Harts secured in 2004 from Bank of America conformed to the requirements of the Texas Constitution. There are no allegations that Bormio similarly sought or obtained a loan of any kind from Bank of America, much less one that is subject to the requirements of the Texas Constitution pertaining to loans on homesteads. Accordingly, the court holds, in the alternative, that plaintiffs have failed to state a plausible claim as to Bormio against Bank of America, and it dismisses any such claim with prejudice.

VII

Although the court is granting Bank of America's motion to dismiss under Rule 12(b)(6), it will permit plaintiffs leave to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that plaintiffs cannot, or are unwilling to, cure the defects that the court has identified, the court grants them 28 days from the date this memorandum opinion and order is filed to file an amended complaint. Additionally, this procedure will ensure that dismissal

*sua sponte* (the court's alternative holding) is fair as to Bormio.

* * *

For the reasons explained, the court grants Bank of America's motion to dismiss under Rule 12(b)(6) as to the Harts; treats Bank of America's standing argument as a motion to dismiss under Rule 12(b)(1) and grants the motion as to Bormio; raises *sua sponte* (in the alternative) that Bank of America is entitled to dismissal under Rule 12(b)(6) of any claim brought as to Bormio; and grants plaintiffs leave to replead.

**SO ORDERED.**

June 19, 2014.

                                                   SIDNEY A. FITZWATER
                                                   CHIEF JUDGE